794 P.2d 129

**In the Matter of a Member of the State Bar of Arizona, Charles R. HOOVER, Respondent.**

**No. SB–88–0029–D.**
**Disc. Comm. No. 5–0469.**

Supreme Court of Arizona.

May 25, 1990.

### ORDER OF REINSTATEMENT AND PROBATION

Pursuant to Rule 31(c), Rules of the Supreme Court,

IT IS ORDERED reinstating CHARLES R. HOOVER as a member of the State Bar of Arizona, authorized to practice law in this state, subject to the following terms of probation that shall be in effect for two years from the date of this order:

1. Respondent shall continue examination, treatment, and/or therapy for the entire period of probation with a psychiatrist, psychologist or other qualified mental health professional whose name, address and telephone number shall be furnished to the chief bar counsel of the State Bar of Arizona or his or her designate.

2. During his probation, respondent shall cause the mental health professional to furnish reports to chief bar counsel on a quarterly basis which should contain de-

tailed information regarding examinations, consultations, or therapy and describe the treatment or therapy prescribed or advised, the response thereto, and the expert's evaluation of respondent's condition and fitness for the practice of law.

3. Respondent shall advise the Disciplinary Clerk and Director of Membership Records of the State Bar, in writing, of any change of address or change of employment during the period of probation.

4. Respondent shall keep accurate and complete financial records of his professional financial affairs including, but not limited to, a client trust account.

5. A monitor shall be appointed to review respondent's professional financial affairs during the period of probation. The monitor may be a State Bar employee, designated by chief bar counsel or other individual, as agreed upon by respondent and the State Bar. The monitor shall prepare quarterly reports based upon a review of respondent's professional financial records, which reports shall be filed with chief bar counsel. Respondent shall pay reasonable costs and fees of said monitor.

6. So long as respondent is employed by a law firm he shall not be a signatory on the law firm's trust account. In the event that the respondent becomes a sole practitioner, respondent shall direct the financial institution(s) in which he maintains his trust account and operating account to notify chief bar counsel of any checks returned for insufficient funds. Additionally, the financial monitor shall review the trust account records on a monthly basis and immediately report any irregularities to chief bar counsel.

7. In the event that respondent fails to comply with any of the foregoing conditions and information thereof is received by the State Bar, a notice of noncompliance shall be filed with the Disciplinary and Supreme Court Clerks. A hearing committee shall be appointed to conduct a hearing at the earliest practicable date, but in no event later than 30 days after receipt of said notice to determine whether a noncompliance has occurred. The committee shall prepare a report and the matter shall thereafter proceed as set forth in Rule 53(c)—53(e), Rules of the Supreme Court.

8. At a non-compliance hearing, the burden of proof shall be upon the State Bar to prove non-compliance by a preponderance of the evidence.